# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 10-01655-TLM |
| PAUL EDGAR MCMURDIE and ) | |
| SHANELL MARIE MCMURDIE, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

**INTRODUCTION**

The chapter 7 trustee, Jeremy Gugino ("Trustee") filed a motion to avoid or invalidate the lien of U.S. Bank National Association ("U.S. Bank") in real property owned by Debtors, relying on § 544(a), § 544(b) and § 558.[1] Doc. No. 40 ("Motion"). U.S. Bank opposed Trustee's Motion. Doc. No. 44.[2] Recognizing that only a legal issue exists, the parties stipulated to the facts and presented oral argument on September 27, 2010. Doc. No. 46, 51. The following constitutes the Court's findings of fact and conclusions of law. *See* Fed. R. Bankr. P. 9014, 7052.

---

[1] Unless otherwise indicated, all "chapter," "section," and other statutory references in this Decision are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Code").

[2] The parties agreed to resolve the issues through motion practice as opposed to an adversary proceeding as required by Fed. R. Bankr. P. 7001(2) to determine the validity or extent of a lien or other interest in property. *See* Doc. No. 46.

MEMORANDUM OF DECISION - 1

**FACTS**

In July, 2006, Paul and Shanell McMurdie ("Debtors") executed and delivered a note in favor of Mortgageit, Inc., in the principal amount of $148,000.00. The note was secured by a deed of trust recorded on July 27, 2006, in the real property records of Boise County, Idaho, against real property located at 3 Syringa Drive in Garden Valley, Idaho ("Property"). The note correctly lists the physical address of the Property and the amount of the indebtedness. And the note was executed by Debtors. Likewise, the deed of trust was executed by Debtors, and it correctly lists the physical address of the Property and gives the Boise County tax parcel identification number.

However, in the space provided in the deed of trust for the legal description of the Property, the deed states: "SEE COMPLETE LEGAL DESCRIPTION DESCRIBED IN EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF." There is no "Exhibit A" attached to the deed of trust, nor has such an exhibit or attachment referencing the deed of trust been recorded in the real property records of Boise County, Idaho.

Debtors filed their voluntary chapter 7 bankruptcy petition on May 27, 2010. On the date of filing, Debtors owed $149,097.23 under the note. Debtors value the Property at $74,000.00 in their schedules. There are no other liens attached to the Property and Debtors are not claiming the property as exempt.

MEMORANDUM OF DECISION - 2

U.S. Bank, as holder of the note on the Property, brought a motion for relief from the automatic stay. Doc. No. 26. Trustee objected to that motion based on his asserted ability to avoid U.S. Bank's lien. *See* Doc. No. 32.[3] The instant Motion was subsequently filed.[4]

**DISCUSSION AND DISPOSITION**

Trustee contends that under Idaho's statute of frauds and a recent Idaho Supreme Court decision interpreting that statute in the context of real property transactions, *Ray v. Frasure*, 200 P.3d 1174 (Idaho 2009), inclusion of only the physical street address in the deed of trust without a legal description of the Property renders the transfer unenforceable and invalid. Trustee contends *Ray* applies to this case through one of two Code provisions, § 544(b) and/or § 558.[5]

**A.    Section 544(b)**

Trustee first argues that he can avoid the transfer under § 544(b). Section 544(b) states:

> (b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any

---

[3] The Trustee has not raised an issue regarding U.S. Bank's standing as successor to Mortgageit, Inc., and it appears U.S. Bank is the proper party in interest to bring the motion. *See In re Wilhelm*, 407 B.R. 392, 09.3 I.B.C.R. 73 (Bankr. D. Idaho 2009).

[4] Stay relief issues were abated, pursuant to the parties' agreement, while this Motion was resolved.

[5] Trustee originally also cited § 544(a) in his Motion. However, he made no arguments regarding § 544(a) in his brief in support of his Motion or during the September 27 hearing. Accordingly, the Court will not address § 544(a).

MEMORANDUM OF DECISION - 3

> obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

In order to invoke § 544(b), Trustee must allege the existence of an unsecured creditor with an allowable claim under § 502 who may avoid the transfer under state law. 5 Collier on Bankruptcy ¶ 544.06[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). Here, the Trustee has not alleged that an unsecured creditor exists that would possess the standing to bring a state cause of action to avoid Debtors' transfer of a security interest to U.S. Bank. Given that failure, relief cannot be entered on Trustee's § 544(b) claim.

### B.    Section 558

Alternatively, Trustee relies on § 558 which states:

> The *estate* shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, *statutes of frauds*, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

(Emphasis added). Trustee alleges in his Motion, and in his opposition to U.S. Bank's motion for relief from stay, that Debtor has a statute of frauds defense to U.S. Bank's enforcement of its alleged secured position. Trustee argues that the lack of a legal description of the Property makes the deed of trust unenforceable under the Idaho statute of frauds. Thus, he argues, U.S. Bank has no secured interest in the Property. Pursuant to § 558, Trustee seeks to utilize that defense

MEMORANDUM OF DECISION - 4

and prohibit U.S. Bank from asserting its secured position.[6]

### 1.   Statute of frauds

Idaho's statute of frauds requires that an agreement for the sale of real property, or an interest therein, be in writing in order to be valid. *See* Idaho Code § 9-505(4). And Idaho Code § 9-503 states that:

> No estate or interest in real property, other than for leases for a term not exceeding one (1) year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.

More specific to the issues presented here, a "mortgage, deed of trust or transfer in trust can be created, renewed or extended only by writing, executed with the formalities required in the case of a grant or conveyance of real property." Idaho Code § 45-902.

When interpreting state law, this Court is bound by the decisions of the state's highest court. When state law is unsettled or has not directly addressed an issue, this Court "must predict how the highest state court would decide the issue."

---

[6] Section 558 does not present a "lien avoidance" mechanism, similar to § 544(a)(3). Under § 544(a)(3), a trustee may avoid a transfer (such as a deed of trust) if a bona fide purchaser would be able to defeat or take free of the challenged creditor's interest. *See Wells Fargo Home Mortgage, Inc. v. Richardson (In re Brandt)*, 434 B.R. 493 (W.D. Michigan 2010). If the trustee as a hypothetical bona fide purchaser can so "avoid" the creditor's interest, he may preserve it for the benefit of the estate under § 551. In contrast, § 558 provides that a "defense" of the debtor may be asserted by the estate, through the trustee. The result here, if § 558 is applicable, would be that U.S. Bank would be unable to seek stay relief or enforce a secured claim against the Property and the estate.

MEMORANDUM OF DECISION - 5

*See In re Sterling Mining Co.*, 415 B.R. 762, 767-68 (Bankr. D. Idaho 2009) (quoting *In re First Alliance Mortgage Co.,* 471 F.3d 977, 993 (9th Cir. 2006)). In order to accomplish this goal, the Court may review decisions from the state court, decisions from other jurisdictions, statutes, treatises, and restatements for guidance. *See Spear v. Wells Fargo Bank, N.A. (In re Bartoni-Corsi Produce, Inc.)*, 130 F.3d 857, 861 (9th Cir. 1997).

*Ray* is the most recent Idaho Supreme Court decision dealing with the legal adequacy, under the statute of frauds, of property descriptions in conveyances of real property. In *Ray,* a real estate sales contract described the property at issue with an accurate physical street address. The contract included a section for a legal description, however that section was left blank and no legal description was provided. When the sale failed to close, the purchaser attempted to sue the seller for specific performance. The district court ordered the seller to specifically perform but, on appeal, the Idaho Supreme Court reversed.

While the Idaho statutes do not specifically require a description of real property in the instrument of conveyance, Idaho courts have always required a description of the property or a reference to extrinsic evidence which describes the property being conveyed in order to satisfy the statute of frauds. In *Ray,* the Idaho Supreme Court stressed that such a property description must "adequately describe the property so that it is possible for someone to identify 'exactly' what property

MEMORANDUM OF DECISION - 6

the seller is conveying to the buyer." 200 P.3d at 1178 (citing *Garner v. Bartschi*, 80 P.3d 1031, 1036 (Idaho 2003)). It reiterated that "'[a] description contained in a deed will be sufficient so long as quantity, identity or boundaries of property can be determined from the face of the instrument, or by reference to extrinsic evidence to which it refers.'" *Id.* (quoting *Garner*, 80 P.3d at 1036). The Idaho Supreme Court concluded that a property description in a real estate sales contract that consisted solely of a physical address did not satisfy the statute of frauds. 200 P.3d at 1177. Such a description, although providing the general location of the property, does not give the required exact "quantity, identity or boundaries of the real property." *Id.* at 1179.

U.S. Bank argues that *Ray* should not be controlling in this case. Instead, U.S. Bank urges this Court to look to its prior ruling, *Murphy v. Provident Bank (In re Miller)*, 260 B.R. 158, 159-65 (Bankr. D. Idaho 2001), which analyzed the Idaho statute of frauds as it pertains to a deed of trust. It is true that the facts in *Miller* mirror those in this case. In *Miller*, the street address associated with a piece of real property was placed in a deed of trust, and although the deed purported to attach as Exhibit A the legal description of the property, no such attachment existed. *Id.* at 159-60. In *Miller*, this Court relied upon a pre-*Ray* Idaho Court of Appeals decision and concluded that the physical street address, even without a legal description, was sufficient to describe the property and

MEMORANDUM OF DECISION - 7

"render the conveyance adequate under Idaho law." *Id.* at 165.

However, in *Ray*, the Idaho Supreme Court expressly found that *Miller* was not persuasive. Specifically, the Idaho Supreme Court, in referring to *Miller*, stated:

> The bankruptcy court in [*Miller*] relied upon *Haney v. Molko*, 123 Idaho 132, 844 P.2d 1382 (Ct. App. 1992), when it stated that a "'sufficient' property description need only designate the land to be conveyed with reasonable certainty, since the purpose of a deed description is not to identify the land, but merely to furnish the means of identification." *In re Miller*, 260 B.R. at 163 (quoting *Haney*, 123 Idaho at 136, 844 P.2d at 1386). The court deciding *In re Miller* did not have the benefit of this Court's opinion in *Lexington Heights* [*v. Crandlemire*, 92 P.3d 526 (Idaho 2004),] wherein we reiterated our adherence to the rule expressed in *Allen*. Additionally, this Court has not adopted the language from *Haney* stating that a property description need only designate real property with "reasonable certainty." Instead, we have required that a property description designate "exactly" what property the seller is conveying to the buyer. *Garner*, 139 Idaho at 435-36, 80 P.3d at 1036-37. Accordingly, we do not view *In re Miller* as persuasive authority.

*Ray*, 200 P.3d at 1178-79. U.S. Bank's reliance on *Miller* is therefore unavailing.

Despite the Idaho Supreme Court's now clearly expressed view that property descriptions that give only "reasonable certainty" are not sufficiently "exact" under the statute of frauds for conveyances of property, U.S. Bank argues that the difference between deeds of trust and contracts for sale of real property justify different standards for legally adequate descriptions. This argument is, of course, quite similar to U.S. Bank's urging of *Miller* over *Ray*, which was just rejected. But it may not be precisely identical. Here, U.S. Bank appears to suggest

MEMORANDUM OF DECISION - 8

this Court draw finer lines on the statute of frauds issue depending on the type of conveyance involved.

The Court notes a similar argument, attempting to distinguish *Ray* based on the type of transaction, was unsuccessful in *Magnolia Enters., LLC v. Schons*, 2009 WL 1658022 (D. Idaho June 11, 2009) (determining that the *Ray* standards apply with equal force to an outright conveyance of property and to the conveyance of a limited property interest such as a right of first refusal). *Magnolia* rejected this argument because compliance with the statute of frauds in both instances would avoid litigation, prevent clouds on the title of real property and prevent unnecessary disputes as to the precise boundaries of the property being conveyed. *Id.* at *4. This Court agrees. The policy behind the statute of frauds applies equally to a contract for the sale of real property and to conveyances of interests in real property such as the deed of trust at issue here.

This Court's ultimate obligation is to determine how the Idaho Supreme Court would decide the issue in this case. *Accord supra Magnolia Enters.* In *Ray*, the Idaho Supreme Court made it clear that a property description that consists solely of a physical address within a contract for the sale of real property is not sufficient to satisfy the statute of frauds. 200 P.3d at 1178. The Court predicts that the Idaho Supreme Court would follow *Ray's* approach and apply it to the

MEMORANDUM OF DECISION - 9

deed of trust situation at bar.[7]

**CONCLUSION**

Pursuant to *Ray,* the property description in the deed of trust at issue is inadequate, and a defense based on the statute of frauds exists. Trustee can assert such a defense in response to U.S. Bank's request for stay relief. In addition, as this Motion (by agreement of the parties) is the equivalent of an adversary proceeding, which proceeding may be used to obtain a declaratory judgment regarding the validity, priority or extent of a lien or interest in property, *see* Fed. R. Bankr. P. 7001(2), Trustee may obtain such a declaration herein.

Trustee may submit a form of order.

DATED:  December 9, 2010



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[7] In *Gugino v. Kastera, LLC (In re Ricks)*, 2010 WL 3008808, (Bankr. D. Idaho July 27, 2010), this Court recognized *Ray* but distinguished it based on the fact that no "contract for the sale of real property" was at issue in *Ricks*. *Ricks* thus concluded a property development and employment contract that did not contain a legal description was nevertheless adequate to satisfy the statute of frauds. The Court finds that *Ricks* is itself distinguishable, and that *Ray* is on point, for purposes of the present case, and must guide the Court's resolution of the instant Motion and U.S. Bank's opposition thereto.

MEMORANDUM OF DECISION - 10